## BEDDINGFIELD v. SOLOMON.

1. Where one was convicted of a felony and sentenced to an indeterminate term of from two to ten years in the penitentiary, and was also convicted of a misdemeanor and sentenced to serve on the chain-gang with the right to be relieved of the chain-gang sentence upon the payment of a fine, at the expiration of the sentence in the felony case; and where at the expiration of the minimum sentence in the felony case the petitioner paid the fine imposed in the misdemeanor case, and brought a petition for habeas corpus against the warden of the county where he was imprisoned, alleging that he was illegally detained, but the petition did not allege that the Prison Commission had fixed rules, as authorized by the act of 1919 (Acts of 1919, p. 387), by which the convict may complete his term without the confines of the penitentiary upon complying with such rules, nor that the convict had complied with such rules, such petition did not set forth a cause of action, and should have been dismissed on motion.
2. Whether the Prison Commission alone has the right to parole is not now for decision; nor whether mandamus is the proper remedy in such case.

No. 3831. NOVEMBER 17, 1923.

Habeas corpus. Before Judge Kent. Laurens superior court. May 21, 1923.

Pringle Solomon filed a petition for habeas corpus against George B. Beddingfield, and alleged the following facts: Plaintiff is a resident of the State of Georgia and County of Laurens, and was at the January term, 1921, of Laurens superior court; on February 21, 1921, he was convicted of a felony, viz., assault with intent to murder, and was sentenced to serve in the penitentiary of the State for and during the full term of "not less than two nor more than ten years, to be computed from the date of delivery to the keeper of said penitentiary or other person." At the same term of the court plaintiff filed a plea of guilty on an indictment charging him with a misdemeanor, viz., carrying a pistol without a license, and was sentenced by the court to serve in the chain-gang of the county for a term of eight months "to be computed from the date of the expiration of the sentence for assault with intent to murder," from which sentence the plaintiff might be relieved by paying into court a fine of $75. The plaintiff was received into the penitentiary and began the execution of the felony sentence on February 22, 1921; and he has fully and completely served the said sentence in accordance with its provisions and laws of said State. He has paid the fine and cost imposed by the court in the misdemeanor case, and is therefore re-

lieved from the penalty in that case according to the terms of the sentence and the laws of the State. Notwithstanding the fact that he has served the felony sentence imposed upon him and has fully paid the fine imposed in the misdemeanor sentence, he is still being held by George Beddingfield, the keeper of the chain-gang of Laurens county, and who is the officer designated by the State to hold the custody and control of the plaintiff during the time aforesaid. His detention is illegal and without authority of law; he desires to be relieved from the custody of Beddingfield, who neglects and refuses to discharge him " or to permit him to leave said gang." Wherefore he prayed for the writ of habeas corpus, requiring Beddingfield to produce the person of plaintiff before the judge of the court below, " to the end that what pertains to justice may be done." Upon the call of the case the respondent made an oral motion, in the nature of a demurrer, to dismiss the petition, for the reason that it showed on its face that the plaintiff was not entitled to be discharged from the penitentiary, because he was serving a sentence imposed by the court, the maximum term of which had not been completed, and that he had not made application for a parole under the rules of the Prison Commission of the State. This motion was overruled, and the respondent excepted.

*Burch & Daley* and *T. E. Patterson,* for plaintiff in error.

*Larsen & Crockett,* contra.

HILL, J. (After stating the foregoing facts.) The act of 1919 (Acts 1919, p. 387) provides: " That from and after the passage of this act that the jury in their verdict on the trial of all cases of felony not punishable by life imprisonment shall prescribe a minimum and maximum term, which shall be within the minimum and maximum prescribed by law as the punishment for said crime, and the judge in imposing the sentence shall commit said convicted person to the penitentiary in accordance with the verdict of the jury; provided that in cases of pleas of guilty, then the judge shall have the right to prescribe such minimum and maximum term as he may see fit. The Prison Commission shall fix rules by which said convict, after serving the minimum sentence, may be allowed to complete his term without the confines of the penitentiary upon complying with said rules." It appears from the petition, the substance of which is set out above, that at the time the petition for habeas corpus was brought the petitioner had not served the max-

imum sentence imposed by the court in the felony case, but had only served the minimum sentence of two years. It also appears that the plaintiff had paid the fine in the misdemeanor case at the expiration of the two years of service under the felony sentence. But there is nothing in the petition alleging facts which show that the Prison Commission has adopted rules providing for the parole of convicts in such cases, and, if so, whether the plaintiff's case falls within those rules. Neither is there in the petition anything to show that the plaintiff has ever made application to the Prison Commission for a parole under such rules as it may have provided. And it will be observed from reading the act of 1919, supra, that the Prison Commission is the tribunal which has been designated by the act to prescribe rules by which convicts may be paroled. Nor does it appear that the Prison Commission has of its own motion passed an order granting the convict a parole. And there is nothing in the act of 1919, or in facts alleged in the petition, showing that there is any law or rule of the Prison Commission entitling the plaintiff in the present case to a parole at the expiration of the minimum sentence, without having complied with such rules of the Prison Commission, if any. In the absence of an allegation in the petition and proof in support thereof, that the Prison Commission had exercised the power conferred by the act of 1919, by adopting rules in conformity therewith entitling the petitioner to a parole, and that the petitioner's case falls within the provisions of those rules, he would not be entitled to a parole, much less to a discharge. The petition shows that he has eight more years of the sentence to serve. In the absence of such allegation in the petition as would entitle the petitioner, if the allegations were sustained by proof, to a discharge, the petition fails to set forth a cause of action, and should have been dismissed on motion.

From what has been said above it follows that the subsequent trial of the case was nugatory.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*

HINES, J., concurs specially in the judgment.

RUSSELL, C. J., dissenting. From the opinion of the majority I dissent quoties toties. The petition for habeas corpus, in my opinion, withstands the demurrer urged against it. As has more than once been ruled, niceties of pleading and technical distinc-

51

tions are not to obstruct the progress of a case where a prisoner stands before a court having jurisdiction of his liberty. This petition alleges that the petitioner was sentenced under two charges, one a felony and the other a misdemeanor; and it shows that the sentence of the court has been complied with. It alleges that under the felony conviction a sentence was imposed of a maximum of ten years and a minimum of two years. It alleges that he has fully completed the minimum sentence of two years. Under the law as I understand it, a convict at the expiration of his minimum term of service is presumptively entitled to relief from the service of the maximum sentence, unless under the rules of the Prison Commission he is deprived of that benefit. The burden of proof is upon the party attempting to restrain the convict; and in the absence of any allegations in the petition which would defeat the application, it is not subject to demurrer. Upon the trial of the case, the petitioner having proved the allegations of the petition, having served the minimum sentence imposed upon him, and nothing being shown which debarred him from the pardon, and there being no evidence upon this subject, the learned trial judge properly discharged the applicant. No injury results to the respondent · or to society; for it is still within the power of the Prison Commission to arrest the applicant at any time within the term of his maximum sentence for any violation of its rules of parole.